**Dismissed and Opinion Filed January 23, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01285-CV

### IN THE INTEREST OF G.E.D., A CHILD

**On Appeal from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-51847-2008**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Whitehill
Opinion by Justice Whitehill

In 2016, the trial court rendered a final order in a suit to modify the parent–child relationship in which the court granted Father's petition to geographically restrict where Mother could establish the primary residence of their daughter G.E.D. Mother perfected this appeal.

While this appeal was pending, Father filed a new petition to modify the parent–child relationship. In 2017, the trial court rendered a new final modification order further changing the parties' custody arrangement. Mother appealed that order too. We affirmed that new modification order in *In re G.E.D.*, No. 05-17-00160-CV, 2018 WL 258982 (Tex. App.—Dallas Jan. 2, 2018, no pet. h.) (mem. op.).

This Court notified the parties that it intended to dismiss this appeal as moot unless a party filed a letter brief demonstrating this Court's jurisdiction. *See* TEX. R. APP. P. 42.3(a). We received no letter briefs.

We dismiss the appeal as moot.

We lack jurisdiction to decide a moot controversy. *Blank v. Nuszen*, No. 01-13-01061-CV, 2015 WL 4747022, at \*2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2015, no pet.) (mem. op.). A controversy becomes moot if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Id.*

The foregoing principles dictate that this case is moot. The trial court's 2017 order constitutes a new final order that replaced the 2016 order. Even if we were to agree with Mother and reverse the 2016 order, she would still be subject to the 2017 order. In *Blank*, the Houston First Court of Appeals held that an appeal from a superseded modification order was moot in light of a subsequent unappealed modification order. *Id.* at \*2–3. Here, Mother appealed the 2017 modification order, but we have affirmed it. Accordingly, reversal of the 2016 order would not afford her any relief. Thus, this appeal is moot because the issues presented are no longer "live." *See id.* at \*3.

We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

161285F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF G.E.D., A CHILD

No. 05-16-01285-CV

On Appeal from the 470th Judicial District Court, Collin County, Texas
Trial Court Cause No. 470-51847-2008.
Opinion delivered by Justice Whitehill.
Justices Francis and Myers participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee Averille Dansby recover his costs of this appeal from appellant Chelsea Dilworth.

Judgment entered January 23, 2018.